AMOS H. COX

*v.*

J. W. STRAISSER.

1. COMMON COUNTS—*goods sold.* In a suit upon a note purporting to be executed by A and B, there was no service or appearance by A. B denied the execution of the note, verified by his oath, and the proof showed that he never did execute it. The proof further showed that the payee of the

note sold A a mare on condition that B would sign a note with A to him for the price, and that B had said he would sign it: *Held*, that this was not an original undertaking of B for the purchase and payment of the mare, and that plaintiff could not recover the price of the horse of B under the common counts.

2. PRACTICE—*jury taking evidence in their room.* Where a hotel register was given to the jury by consent, in order to prove the handwriting of defendant by comparison with the signature of the note sued on, and examined by the jury: *Held,* no error to refuse to permit the jury to take the register in their retirement, as it was not evidence of itself.

APPEAL from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.

The facts of the case are substantially stated in the opinion of the court. The court, on behalf of the defendant below, instructed the jury:

1. The court instructs the jury for defendant, that the plaintiff must prove his case by a preponderance of testimony; and unless the plaintiff has proved, by a preponderance of testimony, that defendant signed the note in evidence, they will find for defendant.

2. The court instructs the jury for defendant, that even if they believe, from the evidence, that Straisser agreed to sign a note to Cox as security for Johnson for the payment of a horse, yet, if they further believe, from the evidence, that Straisser never did sign such note, then they will find for the defendant.

3. And even if the jury believe, from the evidence, that Straisser agreed to become security to Cox for the payment of a horse sold to Johnson, yet, unless such agreement was made in writing, it does not bind the defendant.

Messrs. STRAIGHT & STRAIGHT, for the appellant.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the McLean circuit court,

on a promissory note, with the common counts; the note purported to be signed by Samuel Johnson and J. W. Straisser; Straisser put in a plea of non-assumpsit, sworn to, and a special plea that he did not execute the note, which plea was also sworn to.

Issues were joined on these pleas, and there was a trial, and verdict for the defendant Straisser. Process was not served on Johnson, nor was there any appearance by him.

The court rendered judgment on the verdict, to reverse which the plaintiff appeals.

There was proof sufficient to satisfy the jury—as it does us—that Straisser did not execute the note.

The leading facts are, that the plaintiff went to Straisser's to buy some hogs, where he found Johnson; a conversation was started about a horse plaintiff had to sell, and he said he had a gray mare he would sell, and if satisfied it was secure, and he could sleep on it, he would sell on a year's time; Johnson asked him if he would take a chattel mortgage, and, being answered he would not, there was some conversation between Straisser and Johnson, which plaintiff did not hear; Johnson asked Straisser if he would sign the note; he unhesitatingly said he would; Johnson then said if the mare was as good as when he last saw her he thought she was worth the price, and they would take her; plaintiff told Johnson he would examine her, though he himself would be absent from home for several days—could not tell how long. Straisser then said to the plaintiff if Johnson got around before he (Straisser) delivered the hogs to let Johnson have the mare, and when he (Straisser) came with the hogs he would bring the note, and if he (Johnson) did not get around by that time, or before, he (Johnson) could take the note down, and asked if that would do; the plaintiff told him it would, and that he would leave word with his family to let them take the mare if she suited; Straisser did not take the note down; when he delivered the hogs the plaintiff was not present.

The above is the substance of the testimony of the plaintiff, and of his son John.

The defendant Straisser, testified he did not sign the note; that his name is not to it—he has no middle name; he never signed his name J. W. Straisser. The conversation spoken of by plaintiff was on Friday, the 27th of November, 1868; he took the hogs down the next week; plaintiff came to his house to buy hogs on that day; Johnson was there inquiring of him if he had a horse to sell, when plaintiff said he had a gray mare he would sell; Johnson then called him to one side and wanted him to sign the note and he would give witness a chattel mortgage on the team and two cows; Johnson then went to plaintiff and told him what witness said after this talk; the plaintiff then said, if you make up your mind to go his security, you can make out the note and bring it down when you bring the hogs; witness replied, if he made up his mind to sign the note, he would bring the note down when he brought the hogs; when he took the hogs down John Cox, the son of plaintiff, asked him if he had brought the note down; he replied he had not, as he would not go Johnson's security. The team spoken of was to be composed of a horse Johnson had, and plaintiff's mare, if he got her; defendant swears he told John Cox he would not sign the note; he is sure he did not sign it. John Cox, on being recalled, says when defendant delivered the hogs he was there; his father was not; there was nothing said about the note; defendant never told him he had concluded not to sign the note; there was nothing said by defendant at the time of the bargain for the mare about his letting his father know if he concluded not to sign the note; there was no such conversation.

In this conflict of testimony it was the province of the jury to reconcile it the best way they could. There is one fact which seems to strengthen the defendant, and that is, when he brought the hogs to plaintiff, Johnson had not been there, and he brought no note; this was a warning to the plaintiff that the note was not executed by him, and delivering the mare afterward to Johnson was at plaintiff's risk.

The proof of handwriting was very unsatisfactory, and not calculated to produce a conviction that the defendant had sworn

falsely; one prominent fact makes very much in his favor, and that is, his name; it is John Straisser, and the note is signed J. W. Straisser; his testimony was corroborated by several others, who testified, in their judgment, having seen him write frequently, that the signature to the note was not that of the defendant.

The only testimony to establish the handwriting was that of a hotel-keeper, named Shepherd, who testified that he was acquainted with the handwriting of defendant, and thought the signature to the note was his, but was not positive.

Appellant complains that the instructions given for defendant, numbered one, two, and three, were erroneous. The objection to number one is, that it excluded all evidence in support of the common counts, from the consideration of the jury, and the second is liable to the same objection, and the third also.

The instructions could have done the plaintiff no harm by reason of the total want of evidence to sustain any of the common counts. There is no proof showing that defendant's undertaking was an original undertaking for the purchase and payment of the mare. This can not be pretended.

The only agreement the jury could have possibly found as proved, was that defendant said he would sign the note. But he did not sign it.

Another objection is, that the court refused to permit the hotel register to be taken by the jury in their retirement. This register was not evidence of itself, but became so by consent of the defendant, and it was examined by the jury and was presented by the plaintiff in order to prove the signature by a comparison of handwriting. It was not a paper read in evidence, in view of the statute and the decisions of this court.

The court on behalf of the plaintiff:

3d. The court further instructs the jury, that if they believe, from the evidence, that the defendant in this cause agreed to become security for the payment of the purchase money of the horse sold by plaintiff, and that the credit was, in fact,

given to Straisser, and on the strength of said agreement of Straisser, the plaintiff delivered the horse to Johnson, then you will find for the plaintiff.

This instruction, we think, was quite as favorable to the plaintiff as he could expect, and covered fully all claims on the common counts.

We do not see any error in the record, and must affirm the judgment.

*Judgment affirmed.*